UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| GENERAL CASUALTY COMPANY OF WISCONSIN, | ) ) | |
| *Plaintiff*, | ) ) | 1:16-cv-2073-JMS-TAB |
| *vs.* | ) ) | |
| CARMEL PHYSICIAN SURGERY CENTER, LLC, *et al*., | ) ) ) | |
| *Defendants*. | ) | |

## ORDER

On August 2, 2016, Plaintiff filed a Complaint against Defendants, alleging that this Court could exercise diversity jurisdiction over this matter. [Filing No. 1.] The Court reviewed the Complaint and issued a jurisdictional order, identifying various deficiencies in the factual allegations underlying Plaintiff's conclusion that this Court can exercise diversity jurisdiction. [Filing No. 7.] Plaintiff filed an Amended Complaint in response to the Court's order to do so. [Filing No. 8.] Plaintiff's Amended Complaint fails to remedy various deficiencies that the Court previously pointed out and, additionally, creates a new issue that must be addressed.

### A.  Citizenship of Unincorporated Associations

Two of the Defendants are unincorporated associations—Defendant Carmel Physical Surgery Center, LLC, and Defendant Carmel Ambulatory Surgery Center, LLC. The Court's previous jurisdictional order noted that

> [t]he citizenship of an unincorporated association is "the citizenship of all the limited partners, as well as of the general partner." *Hart v. Terminex Int'l*, 336 F.3d 541, 542 (7th Cir. 2003). "[T]he citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Id.* at 543. Asserting that all partners are citizens of "X" or that no partners are citizens of "X" is insufficient. *See Peters v. Astrazeneca LP*, 224 Fed. Appx. 503, 505 (7th Cir. 2007) (noting the insufficiency of a limited partnership asserting that none of its partners were citizens destroying diversity "rather than furnishing the citizenship of all of its partners so that [the court] could determine its citizenship").

[Filing No. 7.]

In its Amended Complaint, Plaintiff pleads the citizenship of certain members of these Defendants "upon information and belief." [Filing No. 8 at 2.]  This is insufficient because jurisdictional allegations must be based on personal knowledge.  *See America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (only a statement about jurisdiction "made on personal knowledge has any value" and a statement made "'to the best of my knowledge and belief' is insufficient" to engage diversity jurisdiction "because it says nothing about citizenship"); *Page v. Wright*, 116 F.2d 449, 451 (7th Cir. 1940) (an allegation of a party's citizenship for diversity purposes that is "made only upon information and belief" is unsupported).

Additionally, Plaintiff fails to set forth the names and citizenship of the members of Defendant Carmel Physician Surgery Center, LLC, instead stating that "[u]pon information and belief, none of the members of CPSC are residents of Wisconsin or New York or have a principal place of business in Wisconsin or New York." [Filing No. 8 at 2.]  This is insufficient because "[c]onclusional allegations are insufficient.  A court needs to know details . . . ." *State St. Bank & Trust Co. v. Morderosian*, 234 F.3d 1274 (7th Cir. 2000).  Jurisdictional statements that do not affirmatively state the citizenship of the parties are disfavored because they can obscure jurisdictional problems.  *See Guaranty Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996).

In its Second Amended Complaint, Plaintiff must take care to plead its jurisdictional allegations on personal knowledge, not upon information and belief, and to set forth the name and citizenship of each member of the Defendants that are unincorporated associations.

### B.  Individual Defendants

Two of the Defendants are individuals—Drs. Michael Payne and Weldon Egan.  The Court previously pointed out that the citizenship, not the residency, of an individual party is key to pleading diversity citizenship.  [*See* Filing No. 7.]  Residency and citizenship are not the same, and it is citizenship that matters for purposes of diversity.  *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002).  An allegation of residency is inadequate.  *McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 653 (7th Cir. 1998).

Despite the Court's guidance, Plaintiff's Amended Complaint still pleads the residency, not the citizenship of Drs. Payne and Egan.  [Filing No. 8 at 2-3.]  This is insufficient and must be corrected in Plaintiff's Second Amended Complaint if Plaintiff continues to allege that diversity jurisdiction exists.

### C.  Conclusion

Again, the Court is not being hyper-technical: Counsel has a professional obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012), and a federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009).

For these reasons, the Court **ORDERS** Plaintiff to conduct whatever investigation is necessary and file a Second Amended Complaint by **August 22, 2016**, addressing the issues outlined in this Order and properly alleging a basis for this Court's diversity jurisdiction.  Defendants need not answer or otherwise respond to the Amended Complaint at which this Order is directed.  Defendants are cautioned, however, that when they do respond to Plaintiff's Second Amended Complaint, and to the extent that they deny any of Plaintiff's jurisdictional allegations or state that they do not have sufficient information to respond to those allegations, the Court will require the parties

to conduct whatever investigation is necessary and file a joint jurisdictional statement confirming that all parties are in agreement with the underlying jurisdictional allegations before this litigation moves forward.

Date:  8/12/2016

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**